IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | NO. 3:22-cr-00078 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| ROBIN SMITH | ) | |
| | ) | |

## POSITION OF THE UNITED STATES ON REVISED PRESENTENCE REPORT

The United States of America, by and through Assistant United States Attorney Taylor J. Phillips and Trial Attorney John P. Taddei, submits the position of the United States in this case with respect to the revised presentence report (PSR). The United States has reviewed the revised PSR, dated October 15, 2025.

Paragraph 86 should read as follows:

> Pursuant to U.S.S.G. § 2C1.1(b)(2), if the value of the payment, the benefit received or to be received in return for the payment, the value of anything obtained or to be obtained by a public official or others acting with a public official, or the loss to the government from the offense, whichever is greatest, exceeded $6,500, increase by the number of levels from the table in U.S.S.G. § 2B1.1, corresponding to that amount. The Offense Level is increased by ten levels because the value of anything obtained or to be obtained by a public official or others acting with a public official was more than $150,000, but not more than $250,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(F). In this case, the value of anything obtained or to be obtained by a public official or others acting with a public official was $211,443.48.

Under the Guidelines' definition of relevant conduct, the § 2C1.1(b)(2) amount should be determined based on both the offense of conviction, as well as "all acts and omission committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). With respect to conspiracies (whether or not charged), relevant conduct also includes:

> all acts and omissions of others that were—

> (i) within the scope of the jointly undertaken criminal activity,
>
> (ii) in furtherance of that criminal activity, and
>
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1)(B). For the purposes of money or property fraud that occurred during a bribery scheme, relevant conduct includes all acts and omissions described above that were part of the same course of conduct or common scheme or plan as the offense of conviction. *See* U.S.S.G. § 1B1.3(a)(2).

Accordingly, the PSR should calculate a ten-level enhancement based on $211,443.48, which was the total amount obtained pursuant to all relevant and foreseeable acts of the conspirators. That figure is based on the following proof at trial of the defendant's co-conspirators: (1) the conspirators obtained $51,947 from the State of Tennessee as a result of the charged honest services fraud, (GX 414.);[1] and (2) Phoenix Solutions obtained $159,496.48 from campaign and caucus sources other than Smith. (*See* GX 411.) Thus, the "value of anything obtained or to be obtained by a public official or others acting with a public official" was $211,443.48. This calculation appropriately gives the phrase "the value of anything *obtained* or *to be obtained*" a meaning distinct from "the value of the payment" and "the benefit received." *Cf.* U.S.S.G. § 2B4.1 (including only the "value of the bribe" and the "improper benefit to be conferred" in other bribery Guideline section).

In addition to the charged honest services fraud, the proof at trial showed that the conspirators lied to get campaign and caucus funds. (*See, e.g.*, GX 91, 104, 454.) As the

---

[1] Citations to "GX" are to government exhibits admitted during the trial in *United States v. Casada*, 3:22-cr-282 (M.D. Tenn.).

government stated during a colloquy with the Court on the fifth day of trial, this was uncharged conduct that met the elements of money or property fraud. *See* Sixth Circuit Pattern Jury Instructions 10.01, 10.02. Here, the conspirators obtained money or property (campaign and caucus funds) by means of materially false or fraudulent representations, pretenses, or promises. In addition, the proof at trial showed that Cothren used interstate mail in furtherance of the entirety of the Phoenix Solution scheme. (*See, e.g.*, GX 83, 396, 455.) Furthermore, Cothren and Casada were convicted of using a false name for the purpose of carrying on unlawful business by means of the Postal Service. (*United States v. Casada*, 3:22-cr-282 (M.D. Tenn.), D.E. #352.) Accordingly, there is sufficient evidence for the Court to conclude by a preponderance of the evidence that the campaign and caucus lies constituted mail fraud in violation of 18 U.S.C. § 1341. Thus, pursuant to U.S.S.G. § 1B1.3, the amount obtained through that fraud should be included in the calculation under U.S.S.G. § 2C1.1(b)(2). *Cf. United States v. Manrich*, 529 F. App'x 322, 325 (4th Cir. 2013) (approving of district court's aggregation of kickbacks with fraud losses and vacating sentence on other grounds).

The Court should not rely on the alternative means of calculating the offense level because they would not result in the "greatest" value or loss, as required under Section 2C1.1(b)(2). For example, "the value of the payment[s]" to Casada and Smith was $35,406.90. (*See* Casada, 3:22-cr-282, D.E. #414-1.) A reasonable estimate of "the benefit received" for the bribes is the $22,891.40, as calculated by the Court during its sentencing of Cothren and Casada. Finally, there is no evidence in the record of "loss to the government from the offense." Because the $211,443.48 obtained by the public official or others acting with the public official is greater than any of these calculations, the Court should use that amount and Smith's Guidelines level should be increased by ten levels pursuant to Section 2C1.1(b)(2).

3

Otherwise, the United States does not have any objections to the revised PSR, including any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in the PSR.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor J. Phillips*
TAYLOR J. PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

*/s/ John P. Taddei*
JOHN P. TADDEI
Trial Attorney
Criminal Division
United States Department of Justice