UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:22-cr-00078 |
| v. | ) | Judge Eli Richardson |
| | ) | |
| ROBIN SMITH | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

Defendant Robin Smith has moved the Court for reconsideration of the sentence the Court imposed on October 24, 2025 (D.E. #42), and the Judgment reflecting that sentence, which was entered on October 29, 2025 (D.E. #43).  Mrs. Smith has filed this Motion to request that the Court alter that sentence and impose a sentence of probation without any special considerations and a fine of $0.

Mrs. Smith submits that the discussion below compels the conclusion that amending her sentence in that way is necessary to at least mitigate the manifest injustice that will result from Messrs. Cothren and Casada receiving Presidential pardons, leaving Mrs. Smith alone to suffer criminal consequences for their collective criminal activity.  Eliminating the term of imprisonment and the fine that the Court imposed on Mrs. Smith will mitigate, but not eliminate, that manifest injustice.[1]

---

[1]  Indeed, Mrs. Smith is also seeking a Presidential Pardon through Mr. Rose's sole representation based upon her role as a cooperator with the United States.  As it is not yet known whether a pardon will be provided, Mrs. Smith also seeks reconsideration of her sentence here.

## II. ARGUMENT

### A. Standard

As this Court previously explained in *United States of America v. Rico Carney* (No. 3:21-cr-00098), while the Supreme Court has held that the Federal Rules of Criminal Procedure do not mention motions for reconsideration, that Court has nevertheless upheld the ability of parties in criminal cases to file motions for reconsideration. United States v. Carney, No. 3:21-CR-00098, 2022 WL 678648, *1 (M.D. Tenn. Mar. 4, 2022), *citing* United States v. Ibarra, 502 U.S. 1, 6-7 (1991). The U.S. District Court has recently explained that "[t]he Sixth Circuit has applied the Federal Rule of Civil Procedure 59(e) standard for motions to alter or amend to motions for reconsideration in criminal cases." *United States v. Lewis*, No. 2:20-CR-0003(2), 2020 WL 2557196, at *1 (S.D. Ohio May 20, 2020) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003)); *see also United States v. Archibald,* No. 3:10-CR-00064, 2011 WL 13186527, at *1 (M.D. Tenn. Apr. 13, 2011) ("To be clear, courts adjudicating motions for reconsideration in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).") (quotation omitted).

Motions under Civil Rule 59(e)—and therefore motions for reconsideration in criminal cases—can be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (citing *United States v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n*., 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017)). The decision whether to deny a motion for reconsideration is a matter within the discretion of the district judge. *See Tolbert v. Potter*, 206 F. App'x 416, 417 (6th Cir. 2006); *Lommen v. McIntyre*, 125 F. App'x 655, 658 (6th Cir. 2005) (noting that the Sixth Circuit "review[s] the district court's denial of the motion for reconsideration for an abuse of discretion").

B. Discussion

As the dockets reflect in the cases of Mr. Cothren and Mr. Casada [D.E. #490 and #495; 3:22-cr-00282], the President has now issued full and unconditional pardons to each of them, meaning they will escape any consequences for their criminal activities. The Court's pronouncements during the three sentencing hearings, and the three sentence themselves, reflected the Court's awareness that while the Court was sentencing three individuals, those individuals had conspired together to defraud their fellow republican legislators, and that as a result, the sentences themselves needed to be internally consistent in a way that reflected the relative culpability considering all the relevant circumstances. Due to her decision to plead guilty at the earliest opportunity, and her agreement to cooperate with the investigation of the United States, Mrs. Smith appropriately received a much lighter sentence than either Mr. Casada or Mr. Cothren. The pardons of defendants Casada and Cothren have destroyed the Court's careful calibration of the sentences. And while the President alone has pardon power, this Court can mitigate the manifest injustice that would result from Mrs. Smith alone being sent to prison by resentencing her to probation with no special conditions and reducing her fine to $0. Mrs. Smith respectfully and humbly ask that the Court do just that.

III. CONCLUSION

For the reasons set forth above Defendant Robin Smith requests reconsideration for the purpose of imposing a sentence of probation with no special conditions and no fine.

Respectfully submitted,

*s/ W. David Bridgers*
W. David Bridgers (TN BPR # 016603)
WADDEY ACHESON
1030 16th Avenue S
Nashville, TN 37212
Telephone: (629) 395-1361
david@waddeyacheson.com

L. Wells Trompeter (TN BPR #030380)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6804
wells.trompeter@hklaw.com

Ben M. Rose (TN BPR # 021254)
ROSEFIRM, PLLC
Post Office Box 1108
Brentwood, TN 37024
Telephone: (615) 942-8295
ben@rosefirm.com

*Attorneys for Defendant Robin Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I served counsel for the government by filing this Memorandum of Law in Support of Motion for Reconsideration with the Clerk of the Court using the CM/ECF system.

*s/ W. David Bridgers*
W. David Bridgers
