**ORDER**
The Motion (DE 56) is granted. From the face of the sealed document, it is clear that the interests in favor of sealing outweigh the legitimate interests of the public in accessing the sealed document.
IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBIN SMITH, ) <br> ) <br> Defendant. ) | Case No. 3:22-CR-00078 <br> Judge Richardson |

### GOVERNMENT'S MOTION TO SEAL AND TO FILE EX PARTE

The United States respectfully requests leave to file a memorandum under seal and ex parte. The government respectfully submits that the bases for sealing pursuant to Administrative Order No. 167-1 are apparent from the face of the memorandum.

As to the basis for filing ex parte, the Sixth Circuit has held that

> the government can justify ex parte proceedings by showing that there was a compelling state interest for holding the proceedings ex parte . . . ; the proceedings were narrowly tailored to that compelling state interest, . . . ; and the defendant was not prejudiced by the ex parte proceedings . . ."

*United States v. Paulus*, 952 F.3d 717, 723 (6th Cir. 2020) (citations omitted). Here, the compelling state interest is the protection of an otherwise confidential investigation. The filing is narrowly tailored to that compelling state interest, as the information relates only to that ongoing investigation. Finally, Defendant will not prejudiced by the ex parte filing as it supports the reduction of her sentence to the level she requested in her Motion to Reconsider. Furthermore, Defendant has no knowledge of the nature or subjects of the investigation such that she could meaningfully comment on it. Accordingly, there is no prejudice to her in the memorandum being filed ex parte.